DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-00061-MR

| | |
|---|---|
| ANTHONY GEORGE SIMPSON, ) )<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FNU MAYNOR, et al., )<br>)<br>Defendants. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on the Plaintiff's Complaint [Doc. 1] and subsequent letters to the Clerk [Docs. 6-8], which the Court collectively construes as a motion for voluntary dismissal under Rule 41 of the Federal Rules of Civil Procedure.

Pro se Plaintiff Anthony Simpson ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 on May 18, 2022, against Defendants FNU Maynor and April Parker, identified as the Superintendent and Assistant Superintendent, respectively, of Catawba Correctional Center ("Catawba"), located in Newton, North Carolina. [Doc. 1]. Plaintiff alleges that since 2016, when he was housed at Caledonia Correctional Institution,[1] he has been subject to

---

[1] Caledonia Correctional Institution is now called Roanoke River Correctional Institution. It is in Tillery, North Carolina.

threats by gang members. Plaintiff was transferred to seven different facilities during a five-year period. [Id. at 4]. At some point, Plaintiff was transferred to Catawba where the threats continued. Plaintiff alleges that "the threat of being stabbed is eminent." [Id. at 4-5]. Plaintiff alleges that gang members have threatened to kill his father and to kill Plaintiff on his release from prison. Plaintiff also alleges that he was diagnosed with paranoid schizophrenia five years ago and given three different types of medication, which worked well to treat Plaintiff's symptoms. Plaintiff alleges, however, that after he gained minimum custody status, he began experiencing problems again because of the open dorm environment. [Id. at 5]. Plaintiff makes no allegations particular to either Defendant and sues them in their official capacities only. [See id. at 2]. Plaintiff claims that he is being subject to cruel and unusual punishment in violation of his Eighth Amendment rights. [Id. at 3].

For relief, Plaintiff seeks temporary and permanent protective custody, to be housed in a facility where he "can continue along with [his] assessment plan so [he] can be released," and an "interstate compact to be granted upon [his] release." [Id. at 6].

Since filing his Complaint, Plaintiff has filed several letters in this matter, all directed to "Clerk's official." [Docs. 6-8]. In these letters, Plaintiff

states that he learned after filing his Complaint that the relief he seeks is available through other means, as he is "only challenging DPS policy as it regard to protective custody…." [Doc. 6 at 1]. Plaintiff asks either to amend his Complaint "or have the complaint totaly disregarded." [Doc. 6 at 2; see Doc. 7 at 1; see Doc. 8]. He further states that he "[has] come to find out that there is no cause for the complaint" and asks that it be "dismissed[ ] on the grounds that [he] never implicated the defendants in the complaint itself."[2] [Doc. 7 at 1].

Under Rule 41 of the Federal Rules of Civil Procedure, the Court may dismiss an action on Plaintiff's request "on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). Here, Plaintiff asks to dismiss his Complaint after learning that the relief he seeks is more properly sought elsewhere. See Phillips v. McKie, No. 2:10-2956-HFF-BHH, 2011 WL 1326328 (D.S.C. Feb. 15, 2011) (noting federal courts have no general power to compel action by state officials and that placement or retention in segregated protective custody is not constitutionally protected absent

---

[2] Plaintiff also claims that "if the complaint is to receive a case number and becomes public access and the information described in the complaint is later transferred back into the gates of any prison or institution it could cause fatal damage!" [Doc. 7 at 1]. Plaintiff is advised that his Complaint received a case number as soon as it was received by the Court. The Court cannot erase the Complaint as if it were never filed. The Court also notes that there are no allegations specific to any individual inmate, gang member, or gang in Plaintiff's Complaint, in any event.

3

Case 5:22-cv-00061-MR   Document 9   Filed 06/06/22   Page 3 of 4

"atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life") (citations omitted). The Court sees no reason to deny Plaintiff's motion for voluntary dismissal, especially to avoid having the filing fee charged to Plaintiff for an action that would be subject to dismissal for Plaintiff's failure to state a claim for relief in any event. The Court will grant Plaintiff's motion for voluntary dismissal without prejudice.

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's motion [Docs. 6, 7, 8] is **GRANTED**, and this action is dismissed without prejudice.

The Clerk is respectfully instructed to update the docket in this matter to designate Docket Nos. 6, 7, and 8 as "Letter/Motions" and to reflect their adjudication in accordance with this Order.

The Clerk is instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: June 6, 2022

Martin Reidinger
Chief United States District Judge