UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-00061-MR

| | |
|---|---|
| ANTHONY GEORGE SIMPSON, ) ) Plaintiff, ) ) vs. ) ) FNU MAYNOR, et al., ) ) Defendants. ) _____ ) | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's "Petition for Writ of Habeas Corpus for Post Conviction Remedy." [Doc. 11].

Pro se Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 on May 18, 2022. [Doc. 1]. Thereafter, Plaintiff filed several letters with the Court indicating his desire to voluntarily dismiss that Complaint. [Docs. 6-8]. In these letters, Plaintiff stated that he learned after filing his Complaint that the relief he seeks is available through other means, since he his only challenging NCDPS protective custody policy. [Doc. 6 at 1]. The Court construed Plaintiff's letters as a motion for voluntary dismissal under Rule 41 of the Federal Rules of Civil Procedure and dismissed Plaintiff's Complaint. [Doc. 9]. Before receiving the Court's Order, Plaintiff mailed the pending pro se filing, which he calls a petition for writ of habeas corpus. [See Doc. 11 at

3].

Plaintiff purports to bring the instant petition pursuant to 28 U.S.C. § 2241(c)(5). He asks this Court to "issue a writ of habeas corpus for post-conviction remedy requiring Warden Timothy Maynor [to] produce [Plaintiff] to the Facility Classifying Committee for reference to the Directors Classifying Committee for reassign to protective control housing at Warren Correctional Institution…." [Doc. 11 at 1-2]. Plaintiff states that he has requested protective custody numerous times and that Blood gang members intend to execute an assault on Plaintiff. [Id. at 2]. Plaintiff requests that he be placed before an "unbiased Classifying Committee outside the Western District of the Division of Public Services at Warren Correctional Institution" where he will be adequately safeguarded from gang members that could aid in an attack on him. [Id.].

The Court will deny Plaintiff's petition. This action has been closed and Plaintiff cannot file what amounts to a new, different action in a closed case. Moreover, this Court is without authority to grant the relief Plaintiff seeks in any event. Section 2241(c)(5) provides that a writ of habeas corpus extends to a prisoner if "[i]t is necessary to bring him into court to testify or for trial." 28 U.S.C. § 2241(c)(5). Plaintiff here asks the Court to order that Plaintiff be brought before the North Carolina Department of Public Safety's (NCDPS)

2

Case 5:22-cv-00061-MR   Document 12   Filed 06/27/22   Page 2 of 3

Facility Classification Committee to seek protective custody. Section 2241 does not apply to such action. Plaintiff may seek protective custody through the means afforded by NCDPS policy and procedure, not with this Court.

Plaintiff is admonished that this action has been terminated and is closed. He may not file any further documents in this action which purport to institute new claims or actions or seek new relief. If Plaintiff wants to file a new action, he must do so and pay the appropriate filing fee or properly obtain in forma pauperis status.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Petition for Writ of Habeas Corpus [Doc. 11] is **DENIED** in accordance with this Order.

**IT IS SO ORDERED**.

Signed: June 27, 2022

Martin Reidinger
Chief United States District Judge